### In re PARCEL TANKER SHIPPING SERVICES ANTITRUST LITIGATION

**No. MDL 1568.**

Judicial Panel on Multidistrict Litigation.

Dec. 12, 2003.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

JOHN F. KEENAN, Acting Chairman.

This litigation presently consists of six actions: three actions in the Eastern District of Pennsylvania, two actions in the District of Connecticut and one action in

---

* Judges Hodges and Selya did not participate in the decision of this matter.

the Southern District of Texas.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendants [2] to centralize the actions in this litigation in the Southern District of Texas for coordinated or consolidated pretrial proceedings. Most responding parties agree that centralization is appropriate.[3] Plaintiff in the Texas indirect purchaser potential tag-along action supports centralization in this Texas district, while the Connecticut and Pennsylvania plaintiffs and potential tag-along plaintiffs suggest the district in which they have brought suit as transferee forum.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions relating to the existence, scope and effect of an alleged conspiracy to fix the price of international shipments of liquid chemicals in the United States. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the District of Connecticut is an appropriate transferee district for this litigation. We note that i) of the currently known related actions in this docket, four actions are pending in the Connecticut district, ii) one defendant is located there and documents and witnesses will likely be found there, and iii) the Connecticut district has a relatively favorable caseload for accepting this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the District of Connecticut are transferred to that district and, with the consent of that court, assigned to the Honorable Alfred V. Covello for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1568—In re Parcel Tanker Shipping Services Antitrust Litigation*

*District of Connecticut*

*JLM Industries, Inc., et al. v. Stolt–Nielsen SA, et al.,* C.A. No. 3:03–348

*Illovo Sugar, Ltd. v. Stolt–Nielsen SA, et al.,* C.A. No. 3:03–1200

*Eastern District of Pennsylvania*

*Allchem Industries Industrial Chemicals Group, Inc. v. Stolt–Nielsen SA, et al.,* C.A. No. 2:03–3476

1. The Panel has been notified that four potentially related actions have been filed as follows: two actions in the District of Connecticut, and one action each in the Eastern District of Pennsylvania and the Southern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Stolt–Nielsen S.A. and Stolt–Nielsen Transportation Group Ltd.; Odfjell ASA and Odfjell USA, Inc.; Jo Tankers B.V. and Jo Tankers, Inc.; and Tokyo Marine Co., Ltd.

3. The Texas plaintiff initially supported centralization in the Texas district, but later withdrew its support for Section 1407 centralization in light of the fact that its action is now in arbitration.

*GFI Chemicals, LP, et al. v. Stolt–Nielsen SA, et al.,* C.A. No. 2:03–4079

*Basic Chemical Solutions LLC v. Stolt–Nielsen SA, et al.,* C.A. No. 2:03–4080

*Southern District of Texas*

*Nizhnekamskneftekhim USA, Inc. v. Stolt–Nielsen SA, et al.,* C.A. No. 4:03–1202